## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MELANIE M. RIDNER,                                        Case No. 1:11-cv-434

      Plaintiff,                                        Barrett, J.
                                                         Litkovitz, M.J.
vs.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, brings this action under 42 U.S.C. § 405(g) for review of the

final decision of the Commissioner of Social Security ("Commissioner") that plaintiff is not

entitled to child's insurance benefits.  This action is currently before the Court on defendant's

motion for summary judgment (Doc. 6) and plaintiff's response in opposition.  (Doc. 9).

### I.      Background

Plaintiff's initial application for child's insurance benefits was filed on June 18, 2007

with an alleged date of onset disability in 1965.[1]  (Doc. 6, Ex. 1, p. 8, Decision of Administrative

Law Judge).  The Commissioner denied the application initially and on reconsideration, and

plaintiff sought a *de novo* before an Administrative Law Judge ("ALJ").  *Id.*  After an

administrative hearing, the ALJ issued a decision denying benefits on January 26, 2010.  *Id.*  The

ALJ's decision became the final decision of the Commissioner after the Appeals Council denied

plaintiff's request for review on April 15, 2011.  (Doc. 6, Ex. 1, pp. 1-4, Declaration of Patrick

---

[1] The record demonstrates that plaintiff is currently receiving supplemental security income benefits
pursuant to a 1991 ALJ decision establishing that plaintiff was disabled as of 1989.  (Doc. 6, Ex. 1, p. 11, Decision
of Administrative Law Judge).  The instant lawsuit pertains solely to plaintiff's application for child's insurance
benefits for the closed period of 1965 to 1979.

Herbst).  The letter from the Appeals Council included a notice that plaintiff had 60 days [until

June 20, 2011] to file a civil action seeking court review and further provided, "[i]f you cannot

file for court review within 60 days, you may ask the Appeals Council to extend your time to

file.  You must have a good reason for waiting more than 60 days to ask for court review.  You

must make the request in writing and give your reason(s) in the request. . . . We will send you a

letter telling you whether your request for more time has been granted."  (Doc. 6, Ex. 1, pp. 13-

15, Notice of Appeals Council Action).

On June 29, 2011, plaintiff filed the instant lawsuit seeking judicial review of the

Commissioner's denial of her application for benefits.  (Doc. 1).  Plaintiff's complaint includes

various notes from family members and medical personnel, as well as a June 23, 2011, two-page

document which appears to be directed to the Court as well as the Appeals Council.[2]  (Doc. 1,

Ex. 1, pp. 2-3).  The document lays out plaintiff's rationale for seeking judicial review of the

Commissioner's decision and includes the following language: "I am requesting: (<u>Request of

Extension of time to File Civil Action on my case.</u>)"  *Id.* (emphasis in original).  The Appeals

Council received a request for an extension from plaintiff, but the request was denied.[3]  (Doc. 6,

Ex. 1, p. 3).

The Commissioner filed the instant motion for summary judgment on September 29,

2011, seeking judgment as a matter of law on the ground that plaintiff's complaint is barred

because it was not filed within the 60-day statute of limitations provided by 42 U.S.C. § 405(g).

The Commissioner also notes that extensions for filing complaints are granted upon a showing of

---

[2] The Court is unaware of whether the Appeals Council received this request or if this document was submitted to the Court alone.

[3] The evidence presented to the Court does not establish when the Appeals Council received this request or issued its decision.  It is unclear from the record whether the request denied by the Appeals Council is the same request included in plaintiff's documents submitted in connection with her complaint, *see* Doc. 3, or whether the denial pertains to the telephonic request plaintiff asserts she made in her responsive memorandum.  *See* Doc. 9, p. 2.

good cause, but that plaintiff failed to state any basis whatsoever for filing beyond the 60-day period.  Plaintiff's response is a two-page handwritten document which largely consists of her claims that she did not receive a fair hearing from the ALJ.  Plaintiff asserts that she notified Social Security of her intent to file for judicial review and requested an extension of time over the phone, but filed the instant lawsuit before receiving a response.  Plaintiff has presented no supporting evidence.

## II.    Legal Standard

Fed. R. Civ. P. 56 allows summary judgment to secure a just and efficient determination of an action.  The court may only grant summary judgment as a matter of law when the moving party has identified, as its basis for the motion, an absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial."  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)).  The evidence of the nonmovant is to be believed and all justifiable inferences are to be drawn in his favor.  *Id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158 (1970)).  The court is not to weigh the evidence and determine the truth of the matter but is to decide whether there is a genuine issue for trial.  *Anderson*, 477 U.S. at 249.  There is no genuine issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.  *Id*. (citing *Cities Serv.*, 391 U.S. at 288-289).

## III.    Resolution

Resolution of this matter depends on the outcome of two inquiries: (1) did plaintiff file

her lawsuit seeking judicial review of the Commissioner's decision within the statutory 60-day period; and (2) if not, is equitable tolling of the filing period warranted?  The statutory filing period is contained within 42 U.S.C. § 405(g), the relevant portion of which provides:

> [a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C.A. § 405(g).  "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 436 (6th Cir. 2007); *see* 20 C.F.R. § 422.210(c) ("the date of receipt of notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice").

Here, it is uncontested that the Appeals Council issued a letter to plaintiff on April 15, 2011 notifying her that the ALJ's determination was the final decision of the Commissioner. The presumed date of receipt would be April 20, 2011, and plaintiff had 60 days from that date, to June 20, 2011, to file her complaint.[4]  Plaintiff does not dispute that she received the notice on or before April 20, 2011 or that her complaint was filed after the statute of limitations had expired.  Consequently, the only remaining determination is whether the record supports application of equitable tolling in this matter.

The 60-day time limit provided by § 405(g) is not a jurisdictional requirement, but rather constitutes a statute of limitations. *Mathews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976); *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975).  Accordingly, the Supreme Court has determined that applying traditional principles of equitable tolling to § 405(g) is appropriate and

---

[4] As the sixtieth day from April 20, 2011 fell on a Sunday, June 19, 2011, plaintiff had until the following business day to file her complaint. *See* Fed. R. Civ. P. 6(a)(1)(C).

"consistent with the overall congressional purpose[.]" *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The Sixth Circuit has enunciated five factors that the Court must consider when determining whether to toll the § 405(g) statute of limitations:

> (1) the [plaintiff]'s lack of [actual] notice of the filing requirement; (2) the [plaintiff]'s lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) an absence of prejudice to the [defendant]; and (5) the [plaintiff]'s reasonableness in remaining ignorant of the legal requirement for filing [the] claim.

*Cook*, 480 F.3d at 437 (quoting *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Here, plaintiff has presented no evidence contradicting the Commissioner's assertion that she had actual and constructive knowledge of the filing deadlines due to the Appeals Council's April 15, 2011 correspondence. Although the Court is mindful of plaintiff's pro se status, she still bears the burden of setting forth evidence demonstrating that a genuine issue of material fact exists. *See Torba v. J.M. Smucker Co.*, 888 F. Supp. 851, 853 (N.D. Ohio 1995) (pro se plaintiff must present evidence "setting forth specific facts demonstrating a genuine issue of material fact where the opposing party has moved for summary judgment.") (*citing Black v. Parke*, 4 F.3d 442, 448 (6th Cir. 1993) (same)). Indeed, plaintiff's response indicates that she had both actual and constructive knowledge of the filing deadline as she asserts that she requested an extension via telephone. Given plaintiff's uncontested knowledge of the 60-day deadline, the first two *Cook* factors do not support a finding that equitable tolling should be applied in this matter. Likewise, the undersigned finds that the fifth factor, plaintiff's "reasonableness in remaining ignorant of the legal requirement for filing [the] claim[,]" is inapplicable in this case. *Cook*, 480 F.3d at 437. *See Smith v. Comm'r of Soc. Sec.*, No. 10-cv-12691, 2011 WL 1812609, at *2 (E.D. Mich. Mar. 17, 2011) (Report and Recommendation), *adopted*, 2011 WL 1810137 (E.D. Mich. May 12, 2011) (holding that fifth *Cook* factor was not applicable where plaintiff had notice of

Appeals Council denial prior to filing deadline). The record clearly demonstrates that plaintiff had knowledge of the filing requirement and plaintiff's response indicates that she was communicating with the Appeals Council on this point.

With respect to the third *Cook* factor, the record does not demonstrate that plaintiff diligently pursued her rights in seeking a judicial review. The only evidence in the record regarding plaintiff's effort(s) is the affidavit of Patrick Herbst attesting that plaintiff requested an extension which was denied (Doc. 6, Ex. 1, p. 3) and plaintiff's unsupported assertion that she requested an extension via telephone. (Doc. 9, p. 2). Plaintiff has provided no evidence or argument explaining why she needed an extension or that her request complied with the relevant guidelines. Plaintiff does not contest the Commissioner's evidence showing that she received correspondence from the Appeals Council which informed her of the 60-day deadline and, further, that she must make requests for extensions in writing and provide good reasons in order for the request to be granted. *See* Doc. 6, Ex. 1, p. 13. Given the complete absence of any evidence or argument from plaintiff that she complied with these guidelines or engaged in any action aside from making a single phone call, the undersigned cannot find that she was diligent in pursuing her rights.[5] Consequently, the third *Cook* factor weighs against tolling the 60-day deadline.

The fourth *Cook* factor, however, does not clearly weigh for or against tolling. While the Court recognizes that the Commissioner is faced with an annual abundance of applications, the Commissioner has not alleged any prejudice resulting from plaintiff's nine-day delay in filing

---

[5] This Court has previously found that a pro se plaintiff was diligent under the third *Cook* factor where the plaintiff submitted evidence that she had timely requested extensions from the Appeals Council, received non-responsive communication from the Appeals Council, and continued to follow up with the agency via written correspondence, facsimile, and telephone calls. *See Manuell ex rel. Manuell v. Comm'r of Soc. Sec.*, No. 11-cv-264, 2011 WL 6019348, at *3 (S.D. Ohio Nov. 14, 2011) (Report and Recommendation), *adopted*, 2011 WL 6012994 (S.D. Ohio Dec. 2, 2011) (Barrett, J.).

this lawsuit. However, as the Sixth Circuit stated in *Cook*, "there are millions of applicants for Social Security benefits each year, and the lack of a clear filing deadline could create havoc in the system." *Cook*, 480 F.3d at 437. In balancing the short length of plaintiff's delay against the potential prejudice to the Commissioner that would occur if the 60-day deadline were not consistently enforced, with the exception of unique circumstances where justice requires equitable tolling, the undersigned finds that this factor is a wash.

Lastly, the Court acknowledges plaintiff's pro se status and recognizes that she is currently receiving disability benefits. However, the record does not demonstrate that plaintiff is incapable of comprehending the notice received by the Appeals Council or that she is unable to effectively represent herself. *But see Horton v. Comm'r of Soc. Sec.*, No. No. 11-cv-90, 2011 WL 5506097, at *3-4 (S.D. Ohio Nov. 10, 2011) (Spiegel, J.) (overruling Report and Recommendation that plaintiff's disability claim be dismissed due to untimeliness where the plaintiff's filings clearly evidenced his inability to "understand the proper procedures for obtaining relief."). Here, while plaintiff's filings are not highly organized as would be documents drafted by a trained attorney, they are sufficiently intelligible and indicate that plaintiff was aware of the process of filing this lawsuit and the associated deadlines but simply failed to file within the requisite time period. The evidence of record does not support equitable tolling of the statute of limitations in this matter and the Commissioner's motion for summary judgment should be granted.

## IT IS THEREFORE RECOMMENDED THAT:

Defendant's motion for summary judgment (Doc. 6) be **GRANTED** and that this matter

be **DISMISSED** on the docket of the Court.

Date: 4/5/12

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MELANIE M. RIDNER,                                    Case No. 1:11-cv-434

      Plaintiff,                                        Barrett, J.
                                                       Litkovitz, M.J.

vs.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Melanie M. Ridner
2318 Hamilton Eaton Road
Lot #71
Hamilton, OH 45011

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☑ Agent
☐ Addressee

B. Received by ( Printed Name )          C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)              ☐ Yes

2. Article Number
   (Transfer from service label)        7002 3150 0000 8389 9012

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540