UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MELANIE M. RIDNER, | CASE NO.: 1:11-cv-434 |
| Plaintiff, | Barrett, J.<br>Litkovitz, M.J. |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Karen L. Litkovitz's April 6, 2012 Report and Recommendation ("Report") (Doc. 10). The parties were given proper notice under Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties would waive further appeal if they failed to file objections to the Report in a timely manner. (Doc. 10 at 9); *see United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Ridner requested an extension of time to file her objections, which was granted by the Court on May 4, 2012. Pursuant to that extension of time, Ridner timely filed her Objections to the Report (Doc. 14). The Report is now ripe for review. For the reasons stated below, the Court OVERRULES Ridner's Objections and ADOPTS the Report in its entirety.

**I.     BACKGROUND**

On June 18, 2007, Ridner applied for child's insurance benefits with an alleged date of onset disability in 1965. (Doc. 6, Ex. 1, p. 8). The Commissioner of Social Security denied the application initially and upon reconsideration. (*Id.*)  When Ridner

1

sought review before an Administrate Law Judge ("ALJ"), the ALJ denied her benefits. (*Id.*) The decision of the ALJ became final after the Appeals Council denied Ridner's request for review on April 15, 2011. (Doc. 6 at Ex. 1, pp. 1-4). The Appeals Council sent Ridner a letter that her appeal had been denied, which included a notice that Ridner had 60 days (until June 20, 2011) to file a civil action seeking judicial review. (Doc. 16, Ex. 1, pp. 13-15). The notice outlined the requirements for requesting an extension of the statutory period, including a good cause requirement and a requirement that the request be made in writing. (*Id.*)

On June 29, 2011, Ridner filed the instant lawsuit seeking judicial review of the Commissioner's denial of her application for benefits. (Doc. 1). In her complaint, Ridner includes the following language: "I am requesting: (Request of Extension of time to File Civil Action on my case.") (Doc. 1, Ex. 1, pp. 2-3). The Appeals Council received a request for an extension from Ridner, but the request was denied. (Doc. 6, Ex. 1, p. 3).[1] The Commissioner filed a motion for summary judgment on September 29, 2011 on the ground that Ridner's complaint is barred because it was not filed within the 60-day statute of limitations provided by 42 U.S.C. § 405(g). (Doc. 6). The Commissioner also noted that Ridner was required to show good cause for an extension, which she did not. Ridner opposed the motion for summary judgment. (*Id.* at 5). After reviewing the motion for summary judgment and Ridner's opposition, the Magistrate Judge issued the Report granting the Commissioner's motion for summary judgment on two grounds: (1)

---

[1] As noted in the Report (Doc. 10 at 2, fn. 3), it is unclear when the Appeals Council received the request or issued its decision. It also is unclear from the record and from Ridner's objections whether the request denied by the Appeals Council is the same request included in Ridner's documents submitted in connection with her complaint, (*see* Doc. 3), or whether the denial pertains to the telephonic request made by Ridner. (*See* Doc. 9 at 2; Doc. 14 at 5).

2

Ridner did not file her lawsuit for judicial review within the statutory period; and (2) Ridner presented no evidence or explanation that would warrant equitable tolling of the filing period under 42 U.S.C. § 405(g). (Doc. 10 at 7-8).

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review for Magistrate Judge's Report

When objections are received to a magistrate judge's report on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate judge's report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). However, a pro se litigant's objections should be construed liberally by the Court. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999).

### B. Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure permits summary judgment when the moving party has identified an absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A dispute is "genuine" when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505 (1986). A fact is "material" only if its resolution affects the outcome of the action. *Id.*

The party opposing summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253 (1968)). The evidence of the non-movant is to be believed and all justifiable inferences are to be drawn in his favor. *Anderson*, 477 U.S. at 255. The Court is not to weigh the evidence and determine the truth but must decide whether there is a genuine issue for trial. *Id.*

III. **ANALYSIS**

Ridner's objections to the Report are directed to the issue of whether she is entitled to equitable tolling under 42 U.S.C. § 405(g). (Doc. 14). As the Magistrate Judge correctly stated (Doc. 10 at 5), the Sixth Circuit has enunciated five factors that the Court must consider when determining whether to toll the section 405(g) statute of limitations:

> (1) the [plaintiff's] lack of [actual] notice of the filing requirement; (2) the [plaintiff's] lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) an absence of prejudice to the [defendant]; and (5) the [plaintiff's] reasonableness in remaining ignorant of the legal requirement for filing [the] claim.

*Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir. 2007) (quoting *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001)).

Here, Ridner's objections do nothing to dispute the Magistrate Judge's conclusion that the first and second factors are not satisfied. Indeed, in her objections, Ridner admits that she was served with the April 15, 2011 denial letter containing the notice of the 60-day deadline. (Doc. 14 at 5). Ridner therefore had actual, or at least constructive, notice of the filing requirement. As such, the Report's conclusion that the

4

first and second factors do not support a finding of equitable tolling is correct and is adopted by this Court.

With respect to the third factor, Ridner's objections do not demonstrate that Ridner diligently pursued her rights in seeking judicial review. The only statements Ridner makes in her objections as to pursuing her rights is that she requested an extension via telephone and that she later made a written request when she filed the lawsuit in this Court. (*See* Doc. 14 at 5). Those objections are not new. The Report considered that she made a telephonic request and noted that there was no evidence of a written request other than the complaint filed in this case after the deadline for seeking judicial review had expired. (Doc. 10 at 2, 5). The Report did not find that those efforts demonstrated the diligence necessary for equitable tolling. This Court agrees. Even if the telephonic request was made by Ridner, it did not comply with the procedures set forth in the notice for seeking an extension of time. Per the notice, any extension of time had to be in writing. Ridner's telephonic request does not satisfy that writing requirement. Further, from what the Court can decipher, the only written request Ridner made was when she filed her lawsuit in this Court, which was nine days after the deadline for seeking judicial review. Ridner has provided no evidence or argument to the Court as to why she need any extension or showing that she complied with the relevant procedures for obtaining an extension. Absent any evidence or argument from Ridner as to these issues or any evidence aside from a single telephone call prior to filing this lawsuit to try to obtain an extension, the Court cannot conclude that she was diligent in pursuing her rights. As such, the Report's conclusion that the third factor weighs against equitable tolling is adopted by this Court.

As to the fourth factor, Ridner makes no objections that the Court reasonably can construe to address that factor.  As the Court finds that the Magistrate Judge was correct in concluding (Doc. 10 at 7) that the fourth factor was neutral as to equitable tolling, the Court adopts that conclusion.

Likewise, Ridner makes no objection that reasonably addresses the Report's conclusion (Doc. 10 at 5) that the fifth factor is inapplicable in this case.  Having found that conclusion to be correct, the Court adopts it here.

Lastly, the Court acknowledges Ridner's arguments as they relate to the ALJ's decision and the ALJ's alleged failure to weigh all relevant evidence and to consider new evidence in deciding her case. (Doc. 14 at 1).  Those arguments go to the merits of her case and not to the threshold issues raised in the Commissioner's motion for summary judgment of whether her appeal is barred by the statute of limitations and whether equitable tolling is warranted.  As the Court has determined that Ridner's claim is barred by the statute of limitations and that Ridner has not demonstrated that equitable tolling is warranted, the Court cannot, and does not, reach the merits of her case.  As such, those objections are overruled.

## IV.    CONCLUSION

For the foregoing reasons, the Report (Doc. 10) is hereby **ADOPTED** in its entirety.  The Commissioner's motion for summary judgment (Doc. 6) is **GRANTED** and this matter shall be **TERMINATED** from the docket of the Court.

**IT IS SO ORDERED.**

                                    s/ Michael R. Barrett
                                    Michael R. Barrett, Judge
                                    United States District Court